Ronald D. Weiss P.C. (RDW 4419)
Law Office of Ronald D. Weiss P.C.
734 Walt Whitman Road
Suite 203
Melville New York  11747
Telephone: (631)271-3737 ▪ Facsimile: (631)271-3784

UNITED STATES BANKRUPTCY COURT    Return Date: November 7, 2018
EASTERN DISTRICT OF NEW YORK    Time: 2:30 p.m.
-----------------------------------------------------------X
In Re:

    Chapter 11
RENE GUZMAN    Case No. 1-17-45121

    Debtor.
-----------------------------------------------------------X

## RENE GUZMAN RONALD D. WEISS, P.C.
## FEE APPLICATION COVER SHEET

| | |
|---|---|
| Fees and Expenses Sought: | $11,750.00 |
| Retainer Paid: | $9,500.00 for State Court Appeal |
| | $2,250.00 for Loan Modification |
| Time Period Covered by Application: | May 19, 2017 to September 30, 2018 |
| Total Attorney Hours Billed In This Application: | In excess of 76.8 |
| Total Fees Incurred per Time Sheets: | $17,874.17 |

Case 1-17-45121-cec    Doc 72    Filed 10/08/18    Entered 10/08/18 14:07:53

Ronald D. Weiss P.C. (RDW 4419)
Law Office of Ronald D. Weiss P.C.
734 Walt Whitman Road
Suite 203
Melville New York  11747
Telephone: (631)271-3737 ▪ Facsimile: (631)271-3784

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:

                                  Chapter 11

RENE GUZMAN,                            Case No. 1-17-45121 CEC


                                      Debtor.
-----------------------------------------------------------X

**APPLICATION OF THE LAW OF RONALD D. WEISS P.C.,
AS COUNSEL TO THE DEBTOR, FOR ALLOWANCE OF COMPENSATION
FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF
ACTUAL AND NECESSARY EXPENSES INCURRED FROM
MAY 19, 2017 THROUGH AND INCLUDING September 30, 2018
PURSUANT TO 11 U.S.C. §330 AND RULE 2016 OF
<u>THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

**TO:**    **THE HONORABLE CARLA E. CRAIG
UNITED STATES BANKRUPTCY COURT:**

     THE LAW OFFICE OF RONALD D. WEISS P.C. ("Ronald D. Weiss P.C. or "Applicant"), as counsel for RENE GUZMAN, (the "Debtor"), the debtor and debtor-in-possession in this Chapter 11 case solely with respect to a State Court appeal and loan Modification  as and for its application for compensation and reimbursement of expenses (the "Application"), hereby applies to the Court pursuant to sections 330 (a) of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Local Bankruptcy Rules 2016-1 and 2016-2 allowing compensation for professional services performed by Ronald D. Weiss P.C. on behalf of the Debtor during the period commencing May 19, 2017 through and including September 30, 2018, (the "Compensation Period") and for

reimbursement of the actual and necessary expenses incurred by Ronald D. Weiss P.C. on behalf of the Debtor during the Compensation Period. In support of the Application, Ronald D. Weiss P.C. respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case and this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The Statutory and other predicates for relief sought herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Bankruptcy Rules 2016-1 and 2016-2.

## PROCEDURAL BACKGROUND

2. On October 3, 2017 (the "Petition Date or Filing Date"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the Clerk of this Court. The Debtor has continued in the management of its affairs and the operation of its business and property pursuant to §§1107 and 1108 of the Bankruptcy Code. No Trustee or examiner has been appointed and, upon information and belief, no official committee of unsecured creditors has been formed.

Applicant has submitted an application to be retained as counsel to represent the Debtor in these proceedings for prosecuting an appeal and seeking to obtain a loan modification. The application incorrectly stated that the Debtor was not prosecuting the Appeal, but the Debtor has filed the appeal as evidenced by the attached documents A copy of Applicant's Retention Application is set forth at Docket #26 and #54. Prior to the filing date, Applicant received a retainer in the amount of $9,500.00 for the Appeal and $2,250.00 for the loan modification.

3.      Since the retainer's were paid before the Bankruptcy case was contemplated the retainer was treated as a classic retainer as that term is defined in In Re King, 392 B.R. 62, 70 (Bankr. D.D.N.Y. 2008). The classic retainer secures an attorney's availability over a certain period of time and is earned by the firm upon payment. This type of retainer is not used to guarantee payment of future services.

## RELIEF REQUESTED

4. By this Application, Applicant seeks (i) allowance of compensation for legal services rendered as counsel to the Debtor for the Application Period of May 19, 2017 through August 31, 2018 in the amount of $ 11,750.00 for professional services rendered and expenses paid as part of the appeal totaling $3,274.76 (including $65.00 Notice of Appeal Filing Fee, $1,164.46 copying cost of Court File, $1,730.30 Appellate Service of printing, binding and filing Record on Appeal and $315.00 Appellate Division Filing Fee) and Loan Modification. The firm will continue to prosecute the appeal while the loan modification application remains under review. The Appeal has been fully submitted and the Appellate Court is not expected to hear and rule on the appeal for at least 18 months. Copies of the Appellate Brief and Record on Appeal are attached as **Exhibits A** and **B**.

**BASIS FOR COMPENSATION**

5.      Applicant does not normally maintain records of time spent by attorneys performing legal services on behalf of a non-Debtor clients.  For Debtor's in Bankruptcy such time records are made contemporaneously with the rendering of services and in the ordinary course of the Applicant's practice.  The records reflect the name of the attorney, the date on which the services were performed, the services rendered, and the amount of time spent performing the services during the Applicant Period.  Copies of the Applicant's time record is

4

annexed as **Exhibit C** to this Application. Included in Applicant's time records is a list of the aggregate time spent, current hourly billing rates and the value of the total time expended. The time records set forth a total of 76.8 hours on the appeal and loan modification totaling $17,874.17 not including set forth above in the amount of $3,274.76.

## SUMMARY OF SERVICES RENDERED

6. This Application provides an overview of the discreet tasks performed by Applicant during the Application Period.

9. Rene Guzman is the owner of real property located at 69-07 Juniper Boulevard, Middle Village , New York 11379 (the "Premises").

10. Applicant played an active role in preparing the Appeal and processing the Loan Modification, and performing legal tasks prior to and since the Filing Date, including:

## BASIS FOR THE RELIEF REQUESTED

15. The Applicant respectfully submits that an examination of the specific services rendered on behalf of the Debtor in light of the applicable statutory provisions and case law demonstrates that this Applicant should be granted.

### A. Legal Services

16. Pursuant to §330 of the Bankruptcy Code, after notice and a hearing the Bankruptcy Court may award a professional person employed under section 327 "(A) reasonable compensation for actual, necessary services rendered by the. . . attorney and by any paraprofessional person employed by any such [attorney]; and (B) reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(1)(A) and (B). The statute further provides that

> [i]n determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent and the value of such services taking into account all relevant factors, including:

      a. the time spent on such services:

      b. the rates charged for such services;

      c. whether such services were necessary to the administration of, or beneficial at the time at which the service was rendered towards the completion of, a case under this title;

      d. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and

      e. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11 U.S.C. §330(a)(3).

      f. Plan shall be controlling.

17. To determine whether an allowance of compensation and reimbursement of expenses is warranted under sections 330 of the Bankruptcy Code, the Court must inquire into the following three general areas:

      a. Are the services that are the subject of the application properly compensable as legal services?

      b. If so, were they necessary and is the performance of necessary tasks adequately documented?

      c. If so, how will they be valued? Were the necessary tasks performed within a reasonable amount of time and what is the reasonable value of that time?

In re Navis Realty, Inc., 126 B.R. 137, 140 (Bankr. E.D.N.Y. 1991) (citing In re Wildman, 72 B.R, 700, 704-05 (Bankr. N.D. Ill, 1987) and In re Shades of Beauty, Inc., 56 B.R. 946 (Bankr. E.D.N.Y. 1986), aff'd, 95 B.R. 17 (E.D.N.Y. 1988)). See, also, In re Poseidon Pools of America, 216 B.R. 98, 100 (E.D.N.Y. 1997) (affirming lower court and holding Bankruptcy Judge property examined time entries determined "(1) whether the services were adequately documented and (2) whether they were actual and necessary.").

B.   **Properly Compensable Legal Services**

18.   The services rendered by the Applicant, as outlined above, are legal services and are properly compensable as such.  In making this determination, "the threshold question should be whether the services performed were those which one not licenses to practice law could properly perform for another for compensation." In re Shades of Beauty, Inc., 56 B.R. at 949 (citing In re Meade Land & Development Co., Inc., 527 F.2d 280, 284-85 (3d Cir. 1975)).

19.   As described more fully above, the Applicant performed legal services relating to discreet legal tasks.  The services for which the Applicant seeks compensation "are not those generally performed by a [debtor] without the assistance of an attorney." In re Minton Group, Inc., 33 B.R. 38, 40 (Bankr. S.D.N.Y. 1983).

C.   **Necessary And Actual Services**

20.   The legal services performed by the Applicant were also "actual" and "necessary" within the meaning of section 330(a)(1) of the Bankruptcy Code. See 11 U.S.C. 330(a)(1) ("[T]he court may award to a . . . professional person . . . (A) reasonable compensation for actual, necessary services rendered . . . ."); see, also, In re Wildman, 72 B.R. at 707-08 ("The primary objective of any fee petition is to reveal sufficient data to enable the Court to determine whether the services rendered were . . . actual and necessary.").  As the detailed time records indicate, the Applicant "actually" performed the legal services for which it is now seeking compensation. See, In re Wildman, 72 B.R. at 707; In re Shades of Beauty, Inc., 56 B.R. at 950.

21.   It is incumbent upon the attorney seeking compensation to prove the necessity of his or her services by addressing such issues as (1) the cost of the legal services in relation to the size of the estate and maximum probable recovery; (2) the extent the estate will suffer if the services are not rendered; and (3) the extent the estate may benefit if the services are rendered

and the likelihood of the disputed issues being resolved successfully. See, In re Wildman, 72 B.R, at 707; In re Shades of Beauty, Inc., 56 B.R. at 950.

22. All of the services performed by the Applicant, were necessary and beneficial to the Debtor' estate. The Applicant performed services necessary for the Debtor to administer this case.

23. Based on the above, as well as the detailed Time Records, the Applicant respectfully submits that it has adequately explained "how" and "why" its legal services on behalf of the Debtor were rendered, In re Shades of Beauty, Inc., 56 B.R. at 950, and that such services were actual and necessary. Fed. R. Bankr. P. 2016.

**D.    Value of Services/Extent of Compensation**

24. The Applicant provided the Debtor with effective and competent representation at a reasonable cost. In determining the value of legal services and the extent of compensation, this Court should consider whether the tasks were performed within a reasonable number of hours; whether the requested hourly rate was reasonable; and the cost of comparable services other than in a case under the Bankruptcy Code. See, In re Wiedau's Inc., 78 B.R. 904, 909 (Bankr. S.D. Ill. 1987); In re Shades of Beauty, Inc., 56 B.R. at 951; In re Wildman, 72 B.R. at 700-01. Legal services for which a firm seeks compensation should be judged by a "standard of economy" which rewards attorneys for "efficiency." In re Shades of Beauty, Inc., 56 B.R. at 51-52. The Applicant submits that the requested compensation is based upon the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11.

**E.    No prior application or agreement**

25. No prior application for the relief requested herein has been made to this or any other Court and Applicant has received no payment on account of the legal services rendered.

26. No agreement or understanding exists between Applicant and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with this case.

## **CONCLUSION**

25. **WHEREFORE**, the Applicant submits that its efforts in this instant case have been beneficial to the Debtor and effective.  As a result, the Applicant respectfully requests an entry of an order approving the allowance of the amount of $ 11,750.00 for professional services rendered and expenses incurred and granting such other and further relief as this Court may deem just and proper.

Dated:  Melville, New York
     October 5, 2018                **LAW OFFICE OF RONALD D. WEISS**
                                      Attorneys for the Debtor and Debtor-in-Possession

                                      By:    */s/Ronald D. Weiss P.C.*
                                                 **Ronald D. Weiss P.C. (RDW 4419)**
                                                 734 Walt Whitman Road
                                                 Suite 203
                                                 Melville NY  11747
                                                 (631)271-3737

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | rw4419 |
| ---------------------------------------------------------------X | Chapter 11 |
| In Re: | Case No. 1-17-45121 CEC |
| RENE GUZMAN, | |
| Debtor. | |
| ---------------------------------------------------------------X | |

### ORDER AWARDING THE LAW OFFICE OF RONALD D. WEISS P.C. ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED TO THE DEBTOR, <u>RENE GUZMAN</u>

Upon the application (the "Application") for allowance of compensation and reimbursement of expenses of the Law Office of Ronald D. Weiss P.C. ("Ronald D. Weiss P.C."), as counsel to the debtor and debtor-in-Possession RENE GUZMAN (the "Debtor") by its attorney, Ronald D. Weiss, seeking the entry of an Order for the allowance of compensation and reimbursement od necessary expenses in the amount of $ 11.750.00 (the "Application"); and the matter having come on to be heard before the Honorable Carla E. Craig, United States Bankruptcy Judge, at the United States Bankruptcy Court, Conrad B. Duberstein Courthouse, 271-C Cadman Plaza, Brooklyn, New York, on the 5 day of September 2018; and Ronald D. Weiss P.C. having appeared in support of the Application and the Office of the United States Trustee having appeared; and upon no opposition having being filed; and upon the record of the Hearing, the transcript of which is incorporated by reference herein; and after due consideration of all the facts and circumstances, it is hereby

**ORDERED**, that Ronald D. Weiss P.C. is awarded on its Application for legal services rendered on behalf of RENE GUZMAN fees in the amount of $ 11,750.00 for professional services rendered and reimbursement of expenses; and it is further

**ORDERED**, that the Debtor RENE GUZMAN is authorized and allowed to do such things and execute such documents as may be necessary to effectuate the terms and conditions of this Order.

Dated: Brooklyn, New York
       November___, 2018

                                                _____
                                                HONORABLE CARLA E. CRAIG
                                                United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
---------------------------------------------------------------X    Chapter 11  
In Re:                                                                                   Case No. 1-17-45121 CEC  

RENE GUZMAN,  

                           Debtor.                          **AFFIDAVIT OF SERVICE**  
---------------------------------------------------------------X  

      Lita Davidson, being duly sworn, says:

On October 5, 2018, I served a true copy of the Application for Compensation with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address as follows:

TO:    Office of United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014

        Ortiz & Ortiz., 32-72 Steinway Street, Suite 402, Astoria, NY 11103

Sworn to before me this  
8th day of October, 2018

*/s/Ronald D. Weiss*  
Ronald D. Weiss  
Notary Public, State of New York  
No. 02WE5041400  
Qualified in Suffolk County  
Commission Expires